## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Terri Lynn Mellon, ) | |
| ) | **ORDER GRANTING MOTION FOR** |
| ) | **ATTORNEY'S FEES** |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Social Security Administration, ) | |
| ) | Case No. 1:18-cv-00071 |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is plaintiff Terri Lynn Mellon's Verified Motion for Attorney's Fees. (Doc. No. 27). She requests attorney's fees in the amount of $8,193.75 pursuant to 28 U.S.C. § 2412(d).

The Equal Access to Justice Act ("EAJA") provides that a prevailing party is entitled to an award of fees and expenses in an action brought by or against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Mellon contends that she satisfies each criterion for attorneys' fees under the EAJA; i.e., she is a prevailing party in that her motion for summary judgment was granted to the extent it requested remand, the United States cannot show that it was substantially justified, and that she meets the timely filing and net worth requirements under §§ 2412(d)(1)(B) and 2412(d)(2)(B)(i).

The Commissioner has filed a response opposing in part. The Commissioner does not express any objection to Mellon's contention that she was the prevailing party. Nor is there any claim that the United States' position was substantially justified. Furthermore, the Commissioner

1

does not dispute that Mellon's motion is timely filed or that her net worth was less than $2,000,000 at the time the civil action was filed. The Court concurs with Mellon's analysis showing that her motion was filed within 30 days of entry of final judgment pursuant to § 2412(d)(1)(B), and accepts her affidavit attesting to her net worth below the threshold set forth in § 2412 (d)(2)(B)(i). (Doc. No. 27-1).

The Commissioner does object, however, to Mellon's request for compensation for 65.55 hours of work. The Commissioner criticizes the length of Mellon's opening and reply briefs as only 14 pages in total, and states that a typical, noncomplex Social Security case generally requires 15 to 20 hours of work. The Commissioner also highlights the 14 hours claimed to complete this motion for fees.

Mellon replies that her current law firm did not represent her until the appeal and therefore needed extra time to familiarize itself with her case; she also argues that 14 hours for a 10-page memorandum is not excessive.

The Court is aware that Mellon's current firm was new to the case on appeal, and also notes several substitutions of counsel occurred which undoubtedly took time. Looking at Mellon's exhibit of billing entries, the Court is unable to find particular fault with any entry. The balance of claimed fees and expenses is consistent with the requirements of § 2412 (d)(2)(A) in that the court finds the balance claimed falls below prevailing hourly market rates. Furthermore, the Court notes that Mellon's counsel accepted the $125/hour base rate, rather than requesting a cost-of-living adjustment.

Because Mellon has shown her eligibility for fees in the amount she claims under 28 U.S.C. § 2412(d), it is hereby **ORDERED** that:

1. Mellon's Verified Motion for Attorney's Fees (Doc. No. 27) is **GRANTED**.

2. The Clerk of Court is instructed to enter judgment for Mellon and against the Commissioner awarding attorney's fees in the amount of $8,193.75. These fees shall be payable directly to Mellon.

**IT IS SO ORDERED.**

Dated this 26th day of June, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court
